Allread, J.
The relator is one of the county commissioners and brings, an action in mandamus to compel the defendant as county auditor to issue a warrant for the amount allowed the relator by the board of commissioners for his services on the annual county-board of equalization. ,
This action therefore involves a construction o| the act of April 23d, 1904 (97 O. L., 254), fixing the compensation- of county commissioners and providing that the compensation so fixed “shall be in'full payment of all services rendered as such county commissioner. ’ ’
Section 2804 provides that there shall be an annual county board of equalization “composed of the county commissioners and county auditor.”
Section 2813, among other things, fixes the salary of each member of'said board of equalization at three dollars per day.
Before the passing of the general salary act of 1904 the compensation of the commissioners, where the general law prevailed, was fixed at three. dollars per day. This compensation was provided for in Section 897, relating generally to the salary of a county commissioner. Section 4506, in relation to ditch *312 work, and Section 2813a, in relation to services on the board of equalization, provided for three dollars per day for this special work. These constitute the fees for all .the services which county commissioners were called upon to perform. The general purpose of the general act of 1904 was to substitute a salary for fees. The only exception is where the commissioners were called upon to perform services in ditch cases, and even there the amount of fees was limited to an annual sum. It is true that neither Section 2813a, relating to compensation as a member of the board of equlization, nor Section 5506, relating to compensation in ditch eases, were expressly repealed. The reason for this may exist in the fact that other matters besides compensation were contained in those sections. It is clear, how: ever, that so much of Section 5506 as related to compensation is amended,by the express provision of the general salary act. And it is also, clear that the Legislature intended to substitute the salary for all fees theretofore provided for.-
O. R. Krickenberger, for plaintiff.
H. L. Yount, Prosecuting Attorney, for defendant.
It is true that the compensation of Section 2813a is provided for the commissioner while acting as a member of the cbiinty board of equalization, but such commissioner is nevertheless acting as county commissioner. Section 2804 creates no new office but simply attaches new duties.
Laws providing for compensation of public officials are strictly construed, and compensation is only allowed where clearly expressed. Richardson v. State, 66 O. S., 108; Hart v. Commissioners, 58 O. S., 107; Debolt v. Trustees, 7 O. S., 237.
Counsel cite the ease of The State v. Carlisle, 2 N. P. — N. S., 637, but that case arose under the special act for Franklin county prior to the general act of 1904, and is not an authority.
The Attorney-General in an opinion dated May 10th, 1904, holds that the act of 1904 supersedes Section 2813a as to compensation, and the court concurs in that opinion.
The writ is therefore denied.